# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TIBCO SOFTWARE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N18C-07-066 CLS |
| | ) | |
| MEDIAMATH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: November 18, 2019
Date Decided: January 6, 2020

*Upon Plaintiff's Motion for Summary Judgment*
**Denied.**

## MEMORANDUM OPINION

Josiah R. Wolcott, Esquire, Connolly Gallagher LLP, Newark, Delaware, Attorney for Plaintiff.

Matthew P. Ward, Esquire, Nicholas T. Verna, Esquire, Womble Bond Dickinson LLP, Wilmington, Delaware, Usher Winslett, Esquire, Of Counsel (*pro hac vice*), Winslett Studnicky McCormick & Bomser LLP, New York, New York, Attorneys for Defendant.

**SCOTT, J.**

1

Before the Court is Plaintiff Tibco Software Inc.'s ("Plaintiff") Motion for Summary Judgment. For the following reasons, Plaintiff's motion is DENIED.

## Background

In August 2014, Defendant Mediamath, Inc. ("Defendant") and Intel Services entered into a Master Service Agreement ("Agreement"), wherein Intel Services agreed to provide certain information, technology, products, services, and support to Defendant for an established fee. On the same date, Defendant and Intel Services executed an Order Form for such services, which provides an end date of December 31, 2017.[1] In September 2015, Plaintiff acquired the assets of Mashery—including the Agreement—from Intel Corporation.

Under the Agreement, Defendant was required to "pay all fees as specified on the Order Form, but if not specified then within 30 days of receipt of an invoice."[2] On January 9, 2018, Plaintiff sent an invoice to Defendant in the amount of $321,187.46 ("Invoice"). Defendant did not pay the Invoice within 30 days of Defendant's receipt of the Invoice. At present, the Invoice remains unpaid.

## Parties' Assertions

Plaintiff filed a motion for summary judgment, arguing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.

---

[1] Pl.'s Am. Compl. Ex. A.
[2] Pl.'s Am. Compl. Ex. A, § 3.

Plaintiff argues that the three elements of its breach of contract claim are proven by undisputed facts. Additionally, Plaintiff requests this Court grant summary judgment on Defendant's counterclaim because this Court previously held unenforceable the liability limitation provision that Defendant relies on in its counterclaim.

In its response, Defendant explains that this Court did not find the liability limitation provision unenforceable; instead, this Court found the liability limitation provision remained "an issue of material fact." Based on the Court's previous finding, Defendant argues that there are genuine issues of material fact. Defendant further argues that the Court still must decide whether to hold Plaintiff accountable for its failure to invoice Defendant for over 30 months.

In its reply, Plaintiff urges the Court to grants its motion for summary judgment because there are no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law. Plaintiff argues that Defendant impermissibly used parol evidence to show that the liability limitation provision was revised three times during contract negotiations. Finally, Plaintiff argues that it breached no legal or contractual obligation by failing to invoice Defendant every quarter.

## Standard of Review

Under Superior Court Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is

3

entitled to judgment as a matter of law.[3] Summary judgment will not be granted if material facts are in dispute or if "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances."[4] When considering a motion for summary judgment, this Court considers all facts in a light most favorable to the non-moving party.[5]

## Discussion

On July 10, 2019, this Court denied Defendant's Motion for Judgment on the Pleadings and found "unreasonable" Defendant's proffered interpretation of the Agreement's liability limitation provision based on the facts available to the Court at that time.[6] The Court specifically concluded that:

> Under the facts of this case, the proper interpretation of the Agreement's liability limitation provision *remains an issue of material fact.*[7]

For the Court to grant a motion for summary judgment, there must be no genuine issues of material fact.[8] The Court has already explicitly found a genuine issue of material fact in this case. Accordingly, summary judgment is improper.

---

[3] Super. Ct. Civ. R. 56(c).

[4] *Infante v. Horizon Servs., Inc.,* 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019); *Triumph Mortg. Corp. v. Glasgow Citgo, Inc.,* 2018 WL 1935968, at *3 (Del. Super. Apr. 19, 2018).

[5] *Infante,* 2019 WL 3992101, at *1.

[6] *Tibco Software Inc. v. Mediamath, Inc.,* 2019 WL 3034781 (Del. Super. July 10, 2019).

[7] *Id.* at *3 (emphasis added).

[8] Super. Ct. Civ. R. 56(c); *Infante,* 2019 WL 3992101, at *1.

4

## Conclusion

For the forgoing reasons, Plaintiff's Motion for Summary Judgment is

**DENIED.**

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**